RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Dean Schlobom, | No. CV 11-1753-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Carl Dean Schlobom, who is confined in the Arizona State Prison Complex (ASPC)-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), a "Certified Statement Of Account" (Doc. 3), and a "Motion For The Appointment Of Counsel" (Doc. 4). The Court will grant the Application to Proceed *In Forma Pauperis*, assess an initial partial filing fee, deny the "Motion For The Appointment Of Counsel," and dismiss the Complaint without prejudice, with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.98. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward

JDDL-K

the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

## III. Complaint

Named as Defendants in the Complaint are: (1) Charles L. Ryan, Director, Arizona Department of Corrections (ADOC); (2-5) Four Unknown Correctional Officers, Special Management Unit (SMU)-I, ASPC-Eyman; (6) Bruce McMorran, Facility Health Administrator, ASPC-Eyman; (7) Unknown Facility Health Administrator, ASPC-Tucson; (8) Unknown Warden, ASPC-Eyman; (9) Diaz, Complex Warden, ASPC-Lewis; (10) Unknown Complex Warden, ASPC-Tucson; (11) Unknown Deputy Warden, SMU-I, ASPC-Eyman; (12) Unknown Associate Deputy Warden, SMU-I, ASPC-Eyman; (13) Mary Clark, Deputy Warden, Barchey Unit, ASPC-Eyman; (14) L. Vega, Associate Deputy Warden, Barchey Unit, ASPC-Lewis; (15) Unknown Deputy Warden, Rincon Unit, ASPC-Tucson; (16) Unknown Associate Deputy Warden, Rincon Unit, ASPC-Eyman; (17) Unknown Deputy Warden, Manzanita Unit, ASPC-Tucson; (18) Unknown Associate Deputy Warden, Manzanita Unit, ASPC-Tucson; (19) Moody, Deputy Warden, Barchey Unit, ASPC-Lewis; (20) Thomas Bell, Provider Doctor, Barchey Unit, ASPC-Lewis; and (21) Unknown Medical Provider(s), ASPC-Lewis or ADOC Central Office.

Plaintiff alleges three grounds in the Complaint and seeks a jury trial and general, compensatory, and punitive monetary damages.

//

//

JDDL-K

- 3 -

## IV.   Failure to State a Claim

### A.   Count I

In Count I, Plaintiff claims that this Eighth Amendment rights were violated on September 5, 2010, when he "was attacked by an unknown amount of correctional officers and was beaten into uncon[s]ciousness[,] causing serious physical injury." Plaintiff alleges that the he "was left unconscious on [the] floor with [his] tibia protruding out of [his] skin and bleeding profusely" and that he "was found by unknown guard(s) and taken from [the] cell to [a] hospital in Tempe to have emergency surgery performed." Plaintiff further alleges that "Correctional Officers with access to control of doors as well as freedom of movement around [the] prison complex [] had access to Plaintiff in his cell to cause [the] injuries [that he] sustained," that "Correctional Officers employed at SMU-I . . . have a history of using un[n]ecessary excessive force towards inmates," that "[t]he un[n]ecessary excessive force used on Plaintiff on [September 5, 2010] was not justified," and that he "suffered these injuries because of the inaction of unknown Defendant[]s because they failed to stop the assault by prison staff on the Plaintiff."

An unprovoked attack on an inmate by a prison guard is a violation of the Eighth Amendment right to be free from cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1 (1992). When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7.

Also, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To be liable for failing to take reasonable steps to protect the inmate from harm from another officer's use of excessive force, the defendant must have had a "realistic opportunity" to prevent the attack. Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994); Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995).

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519

1  (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board
2  of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v.
3  Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights
4  complaint may not supply essential elements of the claim that were not initially pled. Ivey,
5  673 F.2d at 268.

6  Plaintiff's allegations in Count I are too conclusory and vague to state a claim for
7  relief under the Eighth Amendment. Plaintiff does not give any details whatsoever about the
8  circumstances surrounding the alleged attack by "an unknown amount of correctional
9  officers" and does not show how the "unknown Defendant[]s" who "failed to stop the assault
10 by prison staff on Plaintiff" had a realistic opportunity to prevent the attack.

11  Also, in order to state a claim against an individual in a civil rights action, Plaintiff
12 must identify a specific individual who violated Plaintiff's constitutional rights. See Rizzo
13 v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff's conclusory and vague allegations
14 against "correctional officers" and "unknown Defendant[]s" in Count I are not sufficient to
15 link Plaintiff's injuries to any individual Defendant or to identify any individual Defendant
16 with enough specificity to state a claim against any specific individual.[1]

17  Accordingly, the Court will dismiss Count I for failure to state a claim upon which
18 relief may be granted.

19  **B.    Count II**

20  In Count II, Plaintiff claims that he was subjected to the "Denial of Medical Care
21 [and] Treatment." Under "Supporting Facts," Plaintiff has simply said "[s]ee page 4A thru
22 4I to follow this page." However, Plaintiff has not included these pages with his Complaint.

23  As previously noted, "a complaint must contain sufficient factual matter, accepted as
24 true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949

---

[1] The use of anonymous type appellations to identify defendants is generally not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint, or amended complaint, upon an anonymous defendant.

1  (quoting Bell Atlantic Corp., 550 U.S. at 570).  Because Plaintiff has not included any
2  supporting facts with Count II, that Court will dismiss Count II for failure to state a claim
3  upon which relief may be granted.

4  In so doing, the Court notes that in order to state a claim under 42 U.S.C. § 1983,
5  Plaintiff must show that the conduct of a Defendant deprived him of a constitutional right.
6  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*).  Plaintiff has failed to
7  allege the violation of any specific constitutional provisions in Count II.

8  **C.    Count III**

9  In Count III, Plaintiff claims that "any [and] All Arizona laws that provide me to be
10 free from a threat to my Safety [and] Well[-]being" have been violated.  Plaintiff alleges that
11 after the September 5, 2010, "beating [he] received in [his] cell while being housed in
12 protective custody" at SMU-I, his life "continues to be in danger as long as [he] remain[s]
13 in [ADOC] by Correctional Officers who are employed as C.O.'s at the state's prisons."
14 Plaintiff further alleges that he continues to "be threatened by both C.O.'s [and] Medical
15 Staff on a regular basis."

16 Plaintiff's broad allegations in Count III of the violation of rights under unidentified
17 Arizona laws is too conclusory and vague to state a viable claim for relief.  Accordingly,
18 Count III will be dismissed for failure to state a claim upon which relief may be granted.

19 **V.    Leave to Amend**

20 Because no claims now remain, Plaintiff's Complaint will be dismissed for failure to
21 state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
22 amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
23 Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails
24 to use the court-approved form, the Court may strike the amended complaint and dismiss this
25 action without further notice to Plaintiff.

26 Plaintiff must clearly designate on the face of the document that it is the "First
27 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
28 entirety on the court-approved form and may not incorporate any part of the original

1  Complaint by reference. Plaintiff may include only one claim per count.

2  In any amended complaint, Plaintiff must write out short, plain statements telling the
3  Court (1) the constitutional right Plaintiff believes was violated; (2) the name of the person
4  who violated the right; (3) exactly what that individual did or failed to do; (4) how the action
5  or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and
6  (5) what specific injury Plaintiff suffered because of that person's conduct. See Rizzo, 423
7  U.S. at 371-72, 377. If the person named as a defendant was a supervisory official, Plaintiff
8  must either state that the defendant personally participated in the constitutional deprivation
9  (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good
10 faith, that the defendant was aware of the similar widespread abuses, but with deliberate
11 indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm
12 to Plaintiff (and tell the Court some facts to support this claim). King v. Atiyeh, 814 F.2d
13 565, 568 (9th Cir. 1987).

14 Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff
15 fails to affirmatively link the conduct of each named defendant with the specific injury
16 suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a
17 claim. Conclusory allegations that a defendant or group of defendants have violated a
18 constitutional right are not acceptable and will be dismissed.

19 A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
20 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
21 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
22 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
23 complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

24 With regard to any amended complaint that he may file, Plaintiff should note that to
25 state a claim under the Eighth Amendment for prison medical care, a prisoner must allege
26 "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091 (9th Cir.
27 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a
28 "serious medical need" by demonstrating that failure to treat the condition could result in

1 further significant injury or the unnecessary and wanton infliction of pain and (2) the
2 defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations
3 omitted). To act with deliberate indifference, a prison official must both know of and
4 disregard an excessive risk to inmate health; the official must both be aware of facts from
5 which the inference could be drawn that a substantial risk of serious harm exists and he must
6 also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

7 The indifference must be substantial. Estelle, 429 U.S. at 105-06. The action must
8 rise to a level of "unnecessary and wanton infliction of pain." Id. at 106. Claims of
9 "indifference," "negligence," or "medical malpractice" do not support a claim under 42
10 U.S.C. § 1983. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). "A
11 difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious
12 medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in
13 medical care, without more, is insufficient to state a claim against prison officials for
14 deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
15 407 (9th Cir. 1985). Not every claim by a prisoner that he or she has received inadequate
16 medical treatment states a violation of the Eighth Amendment.

17 **VI.   Motion for the Appointment of Counsel**

18 On September 6, 2011, Plaintiff filed a "Motion For The Appointment Of Counsel"
19 (Doc. 4). There is no constitutional right to appointment of counsel in a civil case. See Ivey,
20 673 F.2d at 269; Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981). The appointment of
21 counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are
22 present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

23 A determination with respect to exceptional circumstances requires an evaluation of
24 the likelihood of success on the merits as well as the ability of Plaintiff to articulate his or her
25 claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these
26 factors is dispositive and both must be viewed together before reaching a decision." Id.
27 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

28 Having considered both elements, it does not presently appear that exceptional

JDDL-K                                              - 8 -

1 circumstances are present that would require the appointment of counsel in this case.
2 Accordingly, Plaintiff's Motion will be denied.

**VII.  Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

JDDL-K

- 9 -

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.98.

(3)     Plaintiff's "Motion For The Appointment Of Counsel" (Doc. 4) is **denied**.

(4)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)     **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court **must mail** to Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of September, 2011.

*David G. Campbell*
United States District Judge